# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CHARLES WAGGONER,       )
                                             )
                 Plaintiff,      )
                                             )
v.                                   )         **No. CIV 08-005-JHP-SPS**
                                           )
TRAVIS ROBINSON, et al.,    )
                                           )
             Defendants.   )

## OPINION AND ORDER

This action is before the court on Defendant Jim Keith's motion to dismiss. The court has before it for consideration plaintiff's complaint [Docket #1], Defendant Keith's motion [Docket #28], plaintiff's response [Docket #29], and a special report prepared by the special report coordinator for Corrections Corporation of American and Davis Correctional Facility at the direction of the court [Docket #27], in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary damages, restoration of earned credits, and restoration of his earned credit level for alleged constitutional violations during his incarceration at Davis Correctional Center (DCF) in Holdenville, Oklahoma. The defendants are DCF Hearing Officer Travis Robinson, DCF Investigator Sgt. Lysinger, and DCF Warden Jim Keith.[1]

Plaintiff alleges that on December 19, 2007, he received a misconduct for making

---

[1] Plaintiff has not served Defendants Robinson or Lysinger.

sexual threats to a staff member. During the investigation, DCF staff member Marty Garrison wrote a statement on plaintiff's behalf, but Defendant Lysinger refused to give plaintiff a copy or to log the document as evidence. Plaintiff also was denied a staff representative for the misconduct hearing, even though he is a "mental health inmate." His hearing was set for December 31, 2007, but it was delayed to January 2, 2008, without the required postponement notice. Plaintiff's witness statement was not used at the hearing, and he was found guilty of the misconduct. His punishment was set at 30 days of segregation, 90 days on Earned Credit Level 1, and the loss of 365 earned credits. He asserts in this lawsuit that he was denied due process in his punishment, and the punishment violated the Eighth Amendment. He also claims the defendants breached their contract by denying him due process.

To the extent plaintiff is seeking the restoration of earned credits, his claim cannot be brought in a civil rights suit. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90, (1973); *Brown v. Smith,* 828 F.2d 1493, 1495 (10th Cir. 1987) (holding that a 28 U.S.C. § 2241 habeas petition is the appropriate means by which to seek the restoration of good-time credits). Further, plaintiff's request for damages for the deprivation of his earned credits is not cognizable in a § 1983 complaint, because he has not demonstrated that the underlying finding of misconduct is invalid. *See Edwards v. Balisok,* 520 U.S. 641, 646 (1997) (holding that a prisoner seeking damages for due process violations in disciplinary proceedings and whose claims "if established, necessarily imply the invalidity of the deprivation of his good-time credits," must demonstrate that the underlying sanction has previously been invalidated).

The special report states that on December 12, 2007, plaintiff made sexual threats to Officer Young, a female correctional officer. According to Officer Young's statement,

plaintiff came to the mail window, placed his hand on Young's hand, and said she was "looking fine." He then asked Young if he was her "favorite one" and if he was her "special one." Officer Young felt sexually threatened and asked plaintiff to leave.

On December 19, 2007, a Misconduct Report was completed, charging plaintiff with Menacing, a Class X offense under DOC Disciplinary Policy. The incident was referred to an investigator, whose December 28, 2007, report indicated plaintiff wanted to call Marty Garrison as a witness and that assignment of a staff representative was not warranted. The hearing date was set for December 31, 2007. The investigator also sent a memo to the disciplinary hearing officer, stating plaintiff's requested witness was disqualified, because his testimony was not relevant to the offense. The disciplinary hearing was held on January 2, 2008, and plaintiff was found guilty of Menacing.

Defendant Keith alleges plaintiff has failed to exhaust his administrative remedies for the claims in this lawsuit. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

Davis Correctional Center Grievance Policy 14-5 requires an inmate to utilize the informal resolution process before submitting a formal grievance. The Informal Resolution form must be submitted within seven calendar days of the alleged incident. If the inmate is

not satisfied with the results of the informal process, he may file a formal grievance within five calendar days of the Informal Resolution response. If the issue is not resolved by the Facility Grievance Officer, the inmate can appeal by resubmitting the grievance within five calendar days of the adverse decision. He then can make a final appeal to the DOC Administrative Review Office.

Plaintiff submitted multiple appeals concerning his misconduct to DCF and DOC. On the day of the hearing, he filed an appeal of the misconduct to the facility warden, and he submitted an emergency grievance to DOC, requesting an administrative separatee against Ms. Young. On January 4, 2008, the emergency grievance was returned, because it was determined not to be an emergency issue. Plaintiff's facility appeal was reviewed, and the proceedings of the disciplinary hearing were affirmed by Warden Keith on January 8, 2008. On January 25, 2008, plaintiff received a response from Warden Keith explaining why each of plaintiff's grounds for appeal was denied and advising plaintiff he had 30 days to appeal. On January 18, 2008, plaintiff submitted another appeal to the facility head, and on February 20, 2008, plaintiff received another answer from the facility head, again responding to each of plaintiff's grounds for appeal. On January 30, 2008, Chief of Security Bryant completed a Due Process Review that found plaintiff received due process in his disciplinary hearing. Warden Keith affirmed the Due Process Review on February 3, 2008.

Plaintiff submitted four appeals to the DOC, but each was returned to him for failure to follow the instructions for proper submission. On March 6, 2008, the DOC Director's Designee advised plaintiff that he had ten days for a final opportunity to submit a proper appeal. Plaintiff's final attempt to appeal was returned unanswered on March 12, 2008, because he had failed to follow previous instructions from the Director's Designee's office, and the appeal was submitted with too many attachments, in violation of DOC disciplinary

procedures.

According to the grievance logs from Davis Correctional Facility, plaintiff attempted to file eleven grievances during the period at issue. The attempted grievances concerned his misconduct, transferring to another facility, or staff action against Officer Young. Plaintiff's grievances concerning the misconduct were returned unanswered, because a disciplinary misconduct is not a grievable issue. The other grievances also were returned for failure to submit proof of his attempt at informal resolution or for failure to properly complete the appropriate grievance forms. After careful review, the court finds plaintiff has failed to exhaust his administrative remedies for the § 1983 claims in this lawsuit, and the deadlines for the grievance procedures have passed.

**ACCORDINGLY,** Defendant Keith's motion to dismiss [Docket #28] is GRANTED, and this action is, in all respects, DISMISSED. Plaintiff's motion for trial docket [Docket #32] is DENIED as moot.

**IT IS SO ORDERED** this 30th day of March 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma